UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:

STEVEN SELIGMAN AND
SANDY SELIGMAN,

     DEBTORS.
-------------------------------------------------------X

Case No.  08-75786-ast

Chapter 13

# MEMORANDUM OPINION GRANTING MOTION TO SEVER ESTATES

## Issues Before the Court and Summary of Ruling

Pending before the Court is the motion to "deconsolidate" or sever the joint bankruptcy case into separate cases  (the "Motion to Sever") filed by Sandy Seligman ("Ms. Seligman") and Steven Seligman ("Mr. Seligman" and with Ms. Seligman, "Debtors"). [dkt item 26]  Ms. Seligman desires to convert to a case under Chapter 7 of the Bankruptcy Code and obtain her discharge.  Mr. Seligman desires to remain in a case under Chapter 13.  The Chapter 13 Trustee filed a letter of no opposition. [dkt item 27]  For the reasons herein, this Court grants the Motion to Sever.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

## Procedural History

Debtors filed a joint petition for relief under Chapter 13 on October 17, 2008. [dkt item 1]  With their petition, Debtors filed joint Schedules and a joint Statement of Financial Affairs.  Debtors also made a joint claim of exemptions. [dkt item 1]  Debtors

filed a joint Chapter 13 Plan and an amended joint Chapter 13 Plan. [dkt items 7, 16] On January 15, 2009, this Court entered an Order Confirming Debtors' Amended Chapter 13 Plan. [dkt item 22]

On May 7, 2009, the Chapter 13 Trustee filed a Motion to Dismiss Case for Failure to Make Plan Payments. [dkt item 23]

On June 19, 2009, Debtors filed the Motion to Sever. This Court conducted a hearing on the Motion to Sever on July 14, 2009 ("Hearing"). No party-in-interest opposed the Motion to Sever.

## Legal Analysis

In *In re Shjeflo*, 383 B.R. 192 (Bankr. N.D. Okla. 2008), the court addressed a situation nearly identical to this case. There, the Shjeflos, as husband and wife, filed a joint Chapter 13 case on December 20, 2003. On May 24, 2004, the court confirmed a joint plan, which was modified post confirmation. Later, the Shjeflos commenced divorce proceedings.[1] Mrs. Shjeflo then sought a severance of her case from the joint case in order to convert to a case under Chapter 7. The Chapter 13 trustee objected. *In re Shjeflo*, 383 B.R. at 195.

The *Shjeflo* court, noting this to be an issue of first impression, granted the severance and conversion. The court relied, in part, on language published by the Judicial Conference of the United States regarding fees that implies the contemplation of a severance of a joint case. Specifically, the language provides for "a fee [to] be charged equal to the current filing fee for the Chapter under which the joint case was

---

[1] At the July 14, 2009, hearing on the Motion to Sever in this case, Debtors' counsel stated that Debtors were experiencing "marital discord" and were recently separated.

Memorandum Opinion - p. 2

commenced" when "a joint case filed under § 302 of Title 11 is divided into two separate cases at the request of the debtor(s)[.]" *Id.* at 195 (quoting *Bankruptcy Court Miscellaneous Fee Schedule*, ¶19).

Other cases have addressed severance of involuntary joint cases. For example, in *Gale*, the court severed a case of improperly joined involuntary debtors into two separate cases. 177 B.R. 531; *see also In re Bowshier*, 313 B.R. 232, 238-40 (Bankr. S.D. Ohio 2004)(granting petitioning creditors' motion to sever bankruptcy cases against debtors).

There have also been cases where severance was required, even though the debtors did not request it. In *In re Tabor*, the court was confronted with a voluntary joint Chapter 13 case in which the wife was eligible to file under Chapter 13, but the husband was not. 232 B.R. 85, 88 (Bankr. N.D. Ohio 1999).  In an action similar to severance, the court dismissed the husband from the Chapter 13 case while retaining the wife's Chapter 13 case, rather than dismissing both. *Id.* at 92.  The court relied, in part, on the *Gale* decision. *Id.* (citing *Gale*, 177 B.R. at 537).

This Court has determined that severance and then immediate conversion of Ms. Seligman's severed case is appropriate.  This result is consistent with a proper construction of the relevant provision of the Bankruptcy Code as written.  A joint case is commenced under Section 302(a) of the Bankruptcy Code when an eligible debtor and such individual's spouse file a joint petition. Section 302(b) of the Bankruptcy Code provides that "after the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated." 11 U.S.C. § 302(b).

Section 1307 of the Bankruptcy Code provides that "a debtor may convert a case under this chapter to a case under Chapter 7 of this title at any time." 11 U.S.C. § 1307(a). Section 1307(a) does not, however, require that both debtors in a joint case must seek or agree to conversion to a case under Chapter 7.  Congress, however, could have so required.  For example, under Section 522(b), in addressing exemptions, Congress determined that, in joint cases filed under Section 302(a), one debtor may not elect the exemptions provided under Section 522(b)(2) while the other debtor elects the exemptions provided under Section 522(b)(3).  Further, in Section 522(m), Congress directed that Section 522 applies separately to each debtor in a joint case, subject to the above noted limitation of Section 522(b).  Because Congress did not restrict the right of conversion under Section 1307(a) to a request made by both debtors in a joint chapter 13 case, Congress is presumed to have intended to allow either Chapter 13 debtor to seek to convert to Chapter 7, even if they commenced a joint case. *See Field v. Mans*, 516 U.S. 59, 67 (1995)("'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion'") (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).

Here, denying the Motion to Sever would deprive Ms. Seligman of her right to even seek to convert.  Further, the estates of the Seligmans have not been consolidated.  Consolidation pursuant to Section 302(b)[2] is generally allowed by a court if it is "persuaded that the creditors will suffer greater prejudice in the absence of

---

[2] "After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated." 11 U.S.C. § 302(b).

Memorandum Opinion - p. 4

consolidation than the debtors (and any objecting creditors) will suffer from its imposition." COLLIER ON BANKR. 302-17 (15th ed. 2009).  This determination is made on a case-by-case basis through an examination of the extent of jointly held property and jointly owed debts. *See Matter of Chan*, 113 B.R. 427, 428 (N.D. Ill. 1990)); *see also* 2 BANKR. SERV. L. ED. §13.75 (2009), H.R. REP. 95-595 at 321 (1977), *reprinted in* 1977 U.S.S.C.A.N. 5963, 6278.  The United States Court of Appeals for the Second Circuit has noted that the sole purpose of consolidation is to ensure equitable treatment of all creditors. *In re Augie/Restivo Baking Co., Ltd.,* 860 F.2d 515, 518 (2d Cir. 1988).  However, consolidation should be invoked "sparingly" when any creditor or debtor objects to its use. *See* COLLIER ON BANKR. 302-17 (15th ed. 2009).

Further, not allowing severance and conversion by one of the debtors could lead to inequitable results.  Chapter 13 plans can run for three to five years.  It is entirely possible that one party's intention to sever a case could arise, as here and in *Shjeflo*, from a change in marital status.  If one spouse had the ability to block severance by withholding consent, the threat of one party holding the other's discharge hostage could be used offensively in divorce proceedings. *See Shjeflo*, 383 B.R. at 196 n.24.

Because this is a joint case in which the estates have not been consolidated, and because no creditors have requested consolidation, this Court will allow a severance so that conversion to a case under Chapter 7 may be allowed as to Ms. Seligman. However, this Court does not reach the issue of deconsolidation or severance in a case in which the estates of the debtor spouses have previously been consolidated.

## **Conclusion**

Debtors' Motion to Sever will be granted. Debtors' counsel is directed to submit an Order consistent herewith within ten (10) days following entry of this opinion.



**Dated: August 28, 2009**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**